ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:05CR0537-1 |
| Plaintiff, ) | |
| ) | |
| v. ) | <u>Judge John R. Adams</u> |
| ) | |
| DWAYNE NABORS, ) | MEMORANDUM OPINION & ORDER |
| ) | [Resolving Docs. # 557 & 558] |
| Defendant. ) | |
| ) | |

This matter comes before the Court on Defendant Dwayne Nabors' Motion for New Trial, filed pursuant to Fed. R. Crim. Pro. 33. Defendant argues that Rule 33 requires this Court to grant him a new trial because, on cross examination, the government improperly asked Defendant about his prior conviction for felony drug trafficking. Plaintiff United States of America opposes Defendant's motion, noting that the jury did not convict Defendant of any drug-related offenses and that this Court instructed the jury not to consider the nature of Defendant's prior felony conviction. For the reasons that follow, Defendant's motion is DENIED.

### I. Facts & Procedural History

On November 9, 2005, Defendant was charged with conspiracy to distribute cocaine and with the intentional distribution of cocaine. The government filed a superseding indictment on March 15, 2006, further charging Defendant with being a felon in possession of a firearm. Before trial, the government and Defendant apparently agreed to stipulate to Defendant's prior felony conviction, and to not disclose that the prior conviction was drug-related. Defendant's

jury trial began on July 10, 2006.

During its cross-examination of Defendant, the government asked him about his prior drug conviction. Defendant objected to the question and the Court instructed the jury to disregard any testimony regarding the nature of Defendant's prior conviction. On July 25, 2006, the jury acquitted Defendant of conspiracy to distribute cocaine, failed to reach a verdict on the distribution charge, and convicted Defendant of being a felon in possession of a firearm. Defendant filed his Motion for New Trial on August 4, 2006.

## II. Law & Analysis

This Court "may vacate any judgment and grant a new trial if justice so requires." Fed. R. Crim. Pro. 33(a). The decision of whether to grant a new trial is committed to the "sound discretion of the trial judge," U.S. v. Barlow, 693 F.2d 954, 966 (6th Cir. 1982), and the defendant bears the burden of proving that a new trial is needed. U.S. v. Turner, 995 F.2d 1357, 1364 (6th Cir. 1993). Further, "new trial motions are disfavored and should be granted with caution." U.S. v. Willis, 257 F.3d 636, 646 (citation omitted).

Defendant argues that the government's inquiry into the nature of his prior felony conviction necessitates a new trial. Specifically, Defendant contends that the "jury was unduly prejudiced and could not be expected to realistically ignore the fact that Defendant had a prior felony drug conviction." Defendant also asserts that evidence of his prior drug conviction was inadmissible. The Court, however, finds Defendant's arguments unpersuasive.

First, evidence that Defendant had a prior felony conviction was admissible, as the existence of a prior conviction is an essential element of the crime charged. See 18 U.S.C. §

2

922(g). While the parties may have stipulated to the conviction and while it may have been improper for the government to inquire into the drug-related nature of the prior felony, the fact remains that the government had to prove Defendant had "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year[.]" See 18 U.S.C. § 922(g)(1). The Court does not find that the interests of justice require a new trial simply because the government elicited information about the nature of Defendant's prior felony conviction.

Second, Defendant has failed to show that the government's inquiry into the nature of his prior conviction prejudiced him. Despite Defendant's conclusion that he was "unduly prejudiced" by the questioning, the jury acquitted Defendant of conspiracy to distribute cocaine and failed to reach a verdict on the distribution charge. Because the jury did not convict him of any drug-related offenses, Defendant was not harmed by the government's questioning.

Finally, the Court gave the jury a detailed limiting instruction to disregard the drug-related nature of Defendant's prior conviction. While Defendant argues that the jury "could not be expected to realistically ignore the fact that Defendant had a prior felony drug conviction," the Sixth Circuit has long presumed "that jurors follow their instructions." E.g. U.S. v. Neuhausser, 241 F.3d 460, 469 (6th Cir. 2001). Defendant failed to present any evidence to rebut this presumption. In addition, the fact that the jury did not convict Defendant of any drug-related offenses strongly suggests that the jury did indeed follow this Court's instructions.

### III. Conclusion

Defendant is not entitled to a new trial pursuant to Fed. R. Crim. Pro. 33. Defendant has failed to show that the government's inquiry into the nature of his prior conviction prejudiced

3

him. Defendant also has not demonstrated that the jury failed to follow this Court's limiting instruction to disregard the drug-related nature of Defendant's prior conviction. Defendant's Motion for New Trial is hereby DENIED.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 31, 2006 |   */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |